UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN IGARTUA, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>FRASS BOX CANNABIS LLC,<br><br>　　　　　　Defendant. | Case No.: 1:24-cv-6576-JLR<br><br>**AFFIRMATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |

　　I, ARJETA ALBANI, Esq., hereby declare under penalty of perjury as follows:

　　1. I am an attorney duly admitted to practice before this Court and the courts of the State of New York. I am associated with the law firm of Joseph & Norinsberg, LLC, attorneys of record for Plaintiff Juan Igartua in the above-captioned action. I am fully familiar with the facts and circumstances set forth herein based upon my review of the file maintained by my office in connection with this matter.

　　2. I submit this Affirmation in support of Plaintiff's Motion for Default Judgment against Defendant Frass Box Cannabis LLC ("Defendant") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. As set forth below, Defendant was properly served with the Summons and Complaint on December 10, 2024, and has failed to answer, appear, or otherwise defend this action. (ECF No. 8). The Clerk of Court entered a Certificate of Default against Defendant on February 7, 2025 (ECF No. 17). Based on Defendant's default and failure to appear or defend this action, Plaintiff now moves this Court for entry of a default judgment against Defendant.

3. This action arises under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., the New York State Human Rights Law, the New York City Human Rights Law, and the New York State Civil Rights Law. Plaintiff, Juan Igartua, is a legally blind individual who requires screen-reading software to read website content using his computer. Plaintiff has brought this civil rights action against Defendant Frass Box Cannabis LLC for its failure to design, construct, maintain, and operate its website (https://www.frassboxcannabis.com) to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under the ADA, and supplemental jurisdiction under 28 U.S.C. § 1367 for Plaintiff's related state and city law claims. A website accessibility audit, which was annexed to Plaintiff's Complaint, revealed that Defendant's website contains numerous access barriers that prevent free and full use by visually-impaired individuals with accessibility issues that deny Plaintiff and other visually impaired users equal access to the goods, services, and facilities offered through Defendant's website. (ECF No. 1).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Defendant conducts and continues to conduct a substantial and significant amount of business in this District, via the Internet and a substantial portion of the conduct complained of herein occurred in this District because Plaintiff attempted to utilize, on a number of occasions, the subject Website within this judicial District.

6. On December 10, 2024, the Summons and Complaint were properly served upon Defendant through its registered agent. The Affidavit of Service was subsequently filed with this Court on December 12, 2024 (ECF No. 8).

7. Pursuant to Federal Rule of Civil Procedure 12(a), Defendant's time to answer or otherwise respond to the Complaint expired on January 2, 2025. To date, Defendant has not answered the Complaint, appeared in this action, requested an extension of time to respond, or otherwise defended this action in any manner.

8. Defendant Frass Box Cannabis LLC, is a business entity and not a natural person, and therefore is not an infant, incompetent person, or in military service.

9. Plaintiff respectfully requests that this Court grant default judgment against Defendant Frass Box Cannabis LLC, and enter a Judgment stating:

   A. A permanent injunction is granted

      i. Enjoining the Defendant, its officers, management personnel, employees, agents, successors and assigns from engaging in discrimination based on disability;

      ii. Requiring the Defendant to alter its Subject Website to make it readily accessible to, and usable for, individuals with disabilities;

      iii. Compelling the Defendant to make all necessary modifications to its policies, practices and procedures, so that the Plaintiff would not be subject to further discrimination;

      iv. Ordering the Defendant to provide auxiliary aids and services, as well as to modify its policies, or procedures, or provide an alternative method, so that the Plaintiff would be able to obtain the full and equal enjoyment of the Subject Website owned, operated, maintained, or leased, by the Defendant, in accordance with Title III of the ADA, the

        New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws;

    v. Ordering the Defendant to make the Subject Website readily accessible to and usable by individuals with disabilities;

B. The Subject Website owned, operated, leased, controlled, maintained and/or administered by the Defendant violates the ADA, the New York State Civil Rights Law, the New York State Human Rights Law and the New York City Human Rights Law;

C. Jurisdiction is retained over the Defendant until its unlawful practices, acts and omissions no longer exist;

D. The Defendant is liable to the Plaintiff for compensatory damages in the amount of $1,000 under the New York State Human Rights Law and the New York City Human Rights Law;

E. The Defendant is liable to the Plaintiff for punitive damages in the amount of $10,000 for its violation of the New York City Human Rights Law;

F. The Defendant is liable to the Plaintiff for $500 in statutory damages for each violation and that sum is awarded to the Plaintiff pursuant to the New York State Civil Rights Laws §40-c and §40-d;

G. The Plaintiff is a prevailing party in this litigation and is awarded attorney's fees and costs in an amount to be shown by Declaration of Attorney's Fees and Costs within 60 days after the entry of this Order;

H. The Defendant will rectify all of the violations of the ADA, which were enumerated in the Complaint, and take the following actions:

     i. submit to the Plaintiff's counsel a remediation plan that remedies the violations, identified in the Complaint, within 60 days of the filing of the proof of service and Memorandum and Order;

     ii. within 30 days from receipt of the Defendant's plans, the Plaintiff shall consent to it, or seek further relief from the Court; and

     iii. the Defendant will make any necessary alterations within 60 days of the Plaintiff's consent, or subsequent Order of this Court.

10. Given the straightforward nature of the requested injunctive relief and Defendant's complete failure to appear or defend this action, Plaintiff submits that no evidentiary hearing is necessary, and requests that the Court grant this motion on the papers submitted.

**WHEREFORE**, Plaintiff Juan Igartua respectfully requests that the Court grant Plaintiff's motion for default judgment against Defendant and for such other and further relief as this Court deems just and proper.

Dated: February 14, 2025
      New York, New York

                                                            Arjeta Albani, Esq.
                                                            Joseph & Norinsberg, LLC
                                                            *Attorney for Plaintiff*
                                                            110 East 59th Street, Suite 2300
                                                            New York, New York 10022
                                                            (212) 227-5700
                                                            arjeta@norinsberglaw.com